UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fernando T., <br><br>       Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; and John Doe, *Sheriff of the Unknown County Jail in Unknown County, Minnesota, custodian of detainees of the Unknown County Jail*, <br><br>       Respondents. | File No. 26-cv-445 (ECT/EMB) <br><br> **OPINION AND ORDER** |

Evangeline Surya Ester Dhawan-Maloney, Robichaud, Schroepfer & Correia, PA, Minneapolis, MN; and Ronnie Santana, Santana Law PLLC, Edina, MN, for Petitioner Fernando T.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN; and Jesus Cruz Rodriguez, United States Attorney's Office, Lawton, OK, for Respondents Kristi Noem, Todd M. Lyons, Peter Berg, and Samuel J. Olson.

Petitioner Fernando T. is a Mexican citizen who entered the United States without inspection in 2005. Pet. [ECF No. 1] ¶¶ 1, 11, 23. Fernando "has no criminal history." *Id.*

¶¶ 2, 24.  On January 19, 2026, Fernando was detained by Immigration and Customs Enforcement in St. Louis Park, Minnesota.  *Id.* ¶ 3.[1]  Fernando is scheduled to be back in Minnesota on January 24, 2026, after being moved to El Paso, Texas, despite this Court's order enjoying his movement outside of the District of Minnesota during the pendency of this Petition.  *See* ECF Nos. 11–12.  According to the Petition, Fernando "is a member of the class certified by the court in *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025)," Pet. ¶ 8, and he "likely qualifies for cancellation of removal under 8 U.S.C. § 1229b," *id.* ¶¶ 2, 24.

Fernando challenges his detention under 28 U.S.C. § 2241.  Pet. ¶¶ 17–19.  He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing).  Pet. ¶¶ 5–7, 26–45; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Fernando, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment and the Immigration and Nationality Act.  *See* Pet. ¶¶ 43–49.  Fernando seeks a declaration that his current detention without an individualized determination is unlawful; issuance of a writ of habeas corpus requiring Respondents to release him or provide a "prompt bond hearing to determine whether he should remain in custody"; an order enjoining his transfer out of the District of Minnesota

---

[1]  Neither party provided the Court with Fernando's Notice to Appear or the other paperwork we've usually received in these cases.  In this case, it doesn't matter.  In their response to Fernando's habeas petition, Respondents did not contest any of the facts alleged in the Petition.  *See* ECF No. 9 at 1–2.

during the pendency of his Petition; attorneys' fees and costs; and "any further relief this court deems just and proper." Pet. at 14.

Acknowledging this case "presents similar legal and factual issues to prior habeas petitions," Respondents argue that the Fernando's detention is mandatory under 8 U.S.C. § 1225 and thus that he is not eligible for a bond hearing. ECF No. 9 at 3. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Fernando has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS),

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Fernando's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025).  Fernando has lived in the United States for more than 20 years.  *See* Pet. ¶ 1.  His detention falls under § 1226(a) and not § 1225(b)(2).

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained."  8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, Respondents were ordered to include in their answer to Fernando's Petition "[w]hether the absence of a warrant preceding [Fernando's] arrest necessitates [Fernando's] immediate

4

release." ECF No. 7 at 2; *see also* ECF No. 5 at 2 (stating that "[t]he undersigned believes that Petitioner was detained without a warrant solely on the basis of his appearance as a hispanic male"). Respondents have not produced any warrant, nor have they advanced any specific argument that Fernando's release is an unwarranted remedy given the apparent absence of a warrant.[3] *See* ECF No. 9.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[3] Respondents do not argue that Fernando is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), nor do they argue that a statutory scheme other than that raised in the Petition would apply to Fernando's detention.

[4] The resolution of this statutory-interpretation question in Fernando's favor makes it unnecessary to address the Petition's remaining grounds.

5

# ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Fernando T.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

3. Petitioner's Motion for a Temporary Restraining Order [ECF No. 3] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 24, 2026, at 5:45 p.m.              s/ Eric C. Tostrud
                                                    Eric C. Tostrud
                                                    United States District Court