UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fernando T.,                                  File No. 26-cv-445 (ECT/EMB)

         Petitioner,

v.                                                                 **ORDER**

Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*; and John Doe, *Sheriff of the Unknown County Jail in Unknown County, Minnesota, custodian of detainees of the Unknown County Jail*,

         Respondents.

On February 23, 2026, I entered an Order granting Petitioner Fernando T.'s Motion for an Order to Show Cause and Request for Sanctions. ECF No. 23. The Order's effective date was delayed until March 1, 2026. *See id.* Though sovereign immunity ordinarily would bar the contempt remedy Petitioner sought, *Coleman v. Espy*, 986 F.2d 1184, 1191–92 (8th Cir. 1993), Respondents did not raise sovereign immunity in their response to Petitioner's motion, *see* ECF No. 21, and they haven't raised it since. This prompted the question of whether Respondents waived sovereign immunity. The parties have not

addressed these issues.  Regardless, after independently researching the issue, I conclude Respondents' failure to raise sovereign immunity did not amount to a waiver. *Coleman,* 986 F.2d at 1191 (recognizing there must be an "explicit, unequivocal waiver of sovereign immunity to proceed for an action alleging compensatory civil contempt of [the] judge-made order"); *see McBride v. Coleman*, 955 F.2d 571, 576 (8th Cir. 1992), *cert denied sub nom.*, 506 U.S. 819 (1992).  For this reason, that part of the February 23 Order awarding $568.29 as a civil-contempt sanction and directing Respondents to pay that amount will be vacated.  This does not address whether legal authority other than civil-contempt law might support an order requiring the payment of this amount.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** the Order dated February 23, 2026 [ECF No. 23] is **VACATED IN PART** insofar as it awards compensatory civil contempt sanctions in favor of Petitioner and directs Respondents to pay those sanctions.

Dated: February 27, 2026        s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court